# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. CICERELLO, Minor.

UNPUBLISHED
December 7, 2017

Nos. 338432 and 338433
Wayne Circuit Court
Family Division
LC No. 16-523293-NA

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In these consolidated appeals, respondents, the parents of minor child SC, appeal as of right from an order terminating their parental rights to the child under MCL 712A.19b(3)(b)(*i*) (sexual abuse), (b)(*ii*) (failure to protect from sexual abuse), (g) (failure to provide proper care), (j) (reasonable likelihood of harm if returned to respondents), and (k) (parent abused child). For the reasons set forth in this opinion, we affirm.

## I. FACTS

A safety plan for SC was enacted after suspicion that she had contracted a sexually transmitted disease from respondent-father. She was placed with a maternal cousin. She subsequently indicated that "[m]y dad touched me," specifically stating that he twice touched her "[p]rivate part" that she used "[t]o go to the bathroom." SC explained that on the first occasion she and respondent-father were sleeping in his bed when respondent-father touched his penis to her vagina "[o]n top" of her clothes. She reported that when she felt it she got out of respondent-father's bed and went into her own bedroom and slept in her bed where respondent-mother was also sleeping. SC testified that the next night, when she was again sleeping in respondent-father's bed, he touched his penis to her vagina on top of her clothes and she again got out of his bed and went to her own room where respondent-mother was sleeping. SC testified that she told respondent-mother what respondent-father did while speaking on the telephone after she was already living with the maternal cousin.

Petitioner's representative testified that when respondents were asked to explain how SC acquired the STD they gave several unsubstantiated stories. Further, there was testimony that respondent-mother failed to contact law enforcement and told petitioner that she was not going to confront her husband after SC disclosed to her that respondent-father had inappropriately touched her, and that respondent-mother refused to leave respondent-father's household because he was the provider and she could not afford to leave. There was also evidence that respondent-

-1-

mother had untreated mental health disorders that affected her ability to parent, including bipolar disorder, mood disorder, and anxiety.

The trial court concluded that respondent-father had sexually abused SC and that respondent-mother had failed to protect her by notifying law enforcement when SC made the disclosure to her. The trial court further found that respondent-mother failed to consistently address her mental health issues or regularly take her prescribed medication, making her unable to properly care for the child. The trial court assumed jurisdiction and found that the statutory grounds for termination of parental rights were established.

At a subsequent best interest hearing, the trial court terminated respondents' parental rights to SC. It noted that SC was placed with her maternal relative and that SC's testimony demonstrated that she was "very adamant that. . . she had been sexually abused by her dad." The court found that it was in the best interests of SC to terminate respondent-father's parental rights "due to the sexual abuse." The trial court noted that respondent-mother "was asked to leave the home or . . . even if Father could leave the home, but Mother has maintained that she wouldn't be able to support herself." The trial court also noted that the Clinic for Child Study had revealed the respondent-mother did not believe that respondent-father had sexually abused SC. Concluding that respondent-mother "would [not] separate herself from Dad and would [not] do what she needs to do to reunify with her daughter," the trial court found that it was also in SC's best interests to terminate respondent-mother's parental rights. These appeals ensued and this Court consolidated the appeals.

## II. STANDARD OF REVIEW

Respondents both argue that the trial court erred in finding statutory grounds for termination and for finding that termination was in the child's best interests. A trial court's decision that a ground for termination of parental rights has been proved by clear and convincing evidence is reviewed for clear error. *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). Similarly, a trial court's decision regarding the child's best interests is reviewed for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App at 296-297.

## III. ANALYSIS

### A. STATUTORY GROUNDS

In Docket No. 338432, respondent-father argues that the trial court erred in finding statutory grounds for termination and he contends that the termination violated his constitutional right to parent his minor child.

The trial court terminated respondent-father's rights in part pursuant to MCL 712A.19b(3)(b)(*i*), which provides grounds for termination where there is clear and convincing evidence that:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

In this case, SC, who was approximately 10 years' of age at the time of the hearing, testified before the court that respondent-father sexually assaulted her on two separate occasions. While respondent-father argues that SC's testimony was not credible or reliable, in reviewing a trial court's findings with respect to credibility of the witnesses, we give deference to the trial court given its "special opportunity . . . to judge the credibility of the witnesses who appeared before it." *In re Gonzales/Martinez*, 310 Mich 426, 431; 871 NW2d 868 (2015) (quotation marks omitted). Here, the court did not clearly err in finding that SC was credible.

Moreover, there was evidence that SC had acquired an STD, and neither of the respondents could explain how SC could have acquired the STD. Instead, respondents provided several different previously undisclosed accounts about how a child at school, someone on the school bus, and another adult male had touched SC inappropriately. Respondents could not provide any further details to substantiate these allegations. On this record, the trial court did not clearly err in finding grounds to terminate respondent-father's parental rights under MCL 712A.19b(3)(b)(*i*). *In re BZ*, 264 Mich App at 296.

Given that there was at least one statutory ground for termination of respondent-father's parental rights, we need not address the other grounds upon which the trial court relied. *In re Olive/Metts Minors*, 297 Mich App 35, 41; 823 NW2d 144 (2012). Furthermore, because there was clear and convincing evidence to support termination under MCL 712A.19b(3)(b)(*i*), termination did not violate respondent-father's constitutional rights. *In re Trejo*, 462 Mich 341, 355-356; 612 NW2d 407 (2000).

In Docket No. 338433, respondent-mother argues that the trial court erred in finding statutory grounds for termination.

The trial court terminated respondent-mother's parental rights in part pursuant to MCL 712A.19b(3)(b)(*ii*), which provides grounds for termination where there is clear and convincing evidence that:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

* * *

(*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

In this case, the trial court found that respondent-mother failed to protect SC by notifying law enforcement when SC disclosed the abuse to respondent-mother. The trial court also noted that respondent-mother "was asked to leave the home or . . . even if Father could leave the home, but Mother has maintained that she wouldn't be able to support herself." Moreover, the trial court noted that the Clinic for Child Study had revealed that respondent-mother did not believe that respondent-father had sexually abused SC, and found that respondent-mother would not separate herself from respondent-father in order to reunify with the child. Given respondent-mother's denial about the sexual abuse occurring at the hands of respondent-father and her hesitance to notify authorities about the abuse, the trial court did not clearly err in finding that there were grounds for termination under MCL 712A.19b(3)(b)(*ii*). Because there was at least one ground for termination, we need not address the other grounds upon which the trial court relied. *In re Olive/Metts Minors*, 297 Mich App at 41.

## B. BEST INTERESTS

Respondents argue that the trial court erred in finding that termination was in SC's best interests. We disagree.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). A trial court must find by a preponderance of the evidence that termination is in a child's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

In this case, the record established that SC acquired an STD and she testified that respondent-father sexually abused her. Respondent-mother hesitated to disclose the abuse, and both respondents attempted to deflect the blame for the STD by making unsubstantiated allegations about unrelated individuals. In addition, at the best-interest hearing, the court found that respondent-mother was asked to leave respondent-father's home or have him leave the home but she declined, maintaining that she would not be able to support herself. The trial court also noted that respondent-mother did not believe that respondent-father had sexually abused SC, and the court did not believe that respondent-mother "would separate herself from Dad and would do what she needs to do to reunify with her daughter." Respondents' denial that the abuse occurred showed that they would not be able to protect SC in the future. Accordingly, the court did not clearly err in finding that termination of respondents' parental rights was in the child's best interests. *In re Trejo*, 462 Mich at 356-357.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan